IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
AUG 1 1 2008
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | |
|---|---|
| PROMUS HOTEL CORPORATION, now known as PROMUS HOTELS PARENT LLC; DOUBLETREE LLC AS SUCCESSOR-IN-INTEREST TO RFS, INC. AND DT MANAGEMENT, INC.<br>§ § § § § § §<br>**PLAINTIFFS**<br>§ §<br>VS.<br>§ §<br>STERLING USA, INC.; SAMOTH USA, INC.; STERLING CENTRECORP, INC.; STERLING CENTRECORP (FLORIDA), INC.; MASTER PREFERRED HOTELS, L.P. ; PREFERRED RIVERWALK, L.P. AND HT MANUFACTURING, INC, A/K/A HT MFG, INC.<br>§ § § § § § § §<br>**DEFENDANTS** § | CASE NO. 5:07-CV-01041-FB |

## SECOND AMENDED COMPLAINT

Plaintiffs Promus Hotel Corporation, now known as Promus Hotels Parent LLC; Doubletree LLC, as successor-in-interest to RFS, Inc. and DT Management, Inc., ("Plaintiffs") file this their Second Amended Complaint against Sterling USA, Inc.; Samoth USA, Inc.; Sterling Centrecorp, Inc.; Sterling Centrecorp (Florida), Inc.; Master Preferred Hotels, L.P.; Preferred Riverwalk, L.P.; HT Manufacturing, Inc, a/k/a HT MFG, Inc.; Sterling Hospitality, Inc.; Senior Preferred Hotels, L.P.; Senior Preferred Hotels, Inc.; Master Preferred Hotels, Inc.; Preferred Riverwalk, Inc.; Samoth Hotels, Inc.; SCH Corp; Preferred Equity, LP, Preferred Equities, Ltd; Preferred Equity (US) Limited Partnership; Preferred Equity (US), Inc. and Samoth Equity Corporation ("Defendants"), and would

show unto the Court as follows:

## I.
## JURISDICTION

1. Jurisdiction is proper in this court based on diversity of the parties and an amount in controversy that exceeds $75,000, exclusive of interests and costs. This case was removed to this court by the Sterling Defendants pursuant to 28 U.S.C. § 1441.

## II.
## PARTIES

2. Plaintiff Promus Hotel Corporation, now known as Promus Hotels Parent LLC ("Promus"), is a limited liability corporation organized under the laws of the State of Delaware.

3. Plaintiff Doubletree LLC is the successor-in-interest to RFS, Inc. and is a limited liability corporation organized under the laws of the State of Delaware.

4. Plaintiff DT Management, Inc. is a corporation organized under the laws of the State of Arizona.

5. Defendant, Sterling USA, Inc. is a foreign corporation organized under the laws of the State of Nevada and has appeared and answered herein.

6. Defendant, Samoth USA, Inc. is a foreign corporation organized under the laws of the State of Nevada and has appeared and answered herein.

7. Defendant, Sterling Centrecorp Inc., is an inactive foreign corporation organized under the laws of the State of Florida and has appeared and answered herein.

8. Defendant, Sterling Centrecorp (Florida) Inc., is an inactive foreign corporation organized under the laws of the State of Florida and has appeared and answered herein.

9. Defendant Master Preferred Hotels, L.P. ("Master Preferred") is an inactive foreign limited

partnership organized under the laws of the State of Delaware and has been served, but has not answered.

10. Defendant, Preferred Riverwalk, L.P. is an inactive foreign limited partnership organized under the laws of the State of Delaware and has been served, but has not answered.

11. Defendant, H.T. Manufacturing, Inc., on information and belief, is a Texas corporation, and may be served with citation by serving its President, Steven Sinkin, at his principal place of business, 105 West Woodlawn Ave., San Antonio, Texas 78212.

12. Defendant Sterling Hospitality, Inc. is an inactive foreign corporation organized under the laws of the State of Florida and may be served with citation by serving its officer Brian Kosoy at his principal place of business, One North Clematis Street, Suite 305, West Palm Beach, Florida 33401. **Said citation on Sterling Hospitality, Inc. will be served through the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701**, as its agent because defendant, who has engaged in business in Texas, does not maintain a regular place of business in this state or a designated agent for service and this suit arose from defendant's business in this state.

13. Senior Preferred Hotels, L.P. is an active foreign corporation organized under the laws of the State of Delaware and may be served with citation by serving it's registered agent the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington County, New Castle, Delaware 19801.

14. Senior Preferred Hotels, Inc. is an active foreign corporation organized under the laws of the State of Delaware and may be served with citation by serving it's registered agent the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington County, New Castle, Delaware 19801.

15. Master Preferred Hotels, Inc. is an inactive foreign corporation organized under the laws of the State of Florida and/or Delaware and may be served with citation by serving its officer Brian Kosoy at his principal place of business, One North Clematis Street, Suite 305, West Palm Beach, Florida 33401. **Said citation on Master Preferred Hotels, Inc. will be served through the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701**, as its agent because defendant, who has engaged in business in Texas, does not maintain a regular place of business in this state or a designated agent for service and this suit arose from defendant's business in this state.

16. Preferred Riverwalk, Inc. is an inactive foreign corporation organized under the laws of the State of Delaware and may be served with citation by serving its officer Brian Kosoy at his principal place of business, One North Clematis Street, Suite 305, West Palm Beach, Florida 33401. **Said citation on Preferred Riverwalk Inc. will be served through the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701**, as its agent because defendant, who has engaged in business in Texas, does not maintain a regular place of business in this state or a designated agent for service and this suit arose from defendant's business in this state.

17. Samoth Hotels, Inc. is an inactive foreign corporation organized under the laws of the State of Arizona and may be served with citation by serving its officer David Kosoy at his principal place of business, One North Clematis Street, Suite 305, West Palm Beach, Florida 33401. **Said citation on Samoth Hotels, Inc. will be served through the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701**, as its agent because defendant, who has engaged in business in Texas, does not maintain a regular place of business in this state or a designated agent for service and this suit arose from defendant's business in this state.

18. Defendant SCH Corp. is an active Nevada corporation, and may be served with citation by serving it's registered agent Capitol Corporate Services Inc, 202 South Minnesota Street, Carson City, Nevada, 89703.

19. Preferred Equity (US) Limited Partnership is an inactive foreign limited partnership organized under the laws of the State of Nevada and may be served with citation by serving an officer of its General Partner, Preferred Equity (US), Inc., David Kosoy at his principal place of business, One North Clematis Street, Suite 305, West Palm Beach, Florida 33401. **Said citation on Preferred Equity (US), Inc. will be served through the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701**, as its agent because defendant, who has engaged in business in Texas, does not maintain a regular place of business in this state or a designated agent for service and this suit arose from defendant's business in this state.

20. Preferred Equity (US), Inc. is an inactive foreign corporation organized under the laws of the State of Nevada and may be served with citation by serving its officer David Kosoy at his principal place of business, One North Clematis Street, Suite 305, West Palm Beach, Florida 33401. **Said citation on Preferred Equity (US), Inc. will be served through the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701**, as its agent because defendant, who has engaged in business in Texas, does not maintain a regular place of business in this state or a designated agent for service and this suit arose from defendant's business in this state.

21. Preferred Equities, Ltd. is a foreign partnership and/or corporation and may be served with citation by serving its officer David Kosoy at his principal place of business, One North Clematis Street, Suite 305, West Palm Beach, Florida 33401. **Said citation on Preferred Equities, Ltd will be served through the Texas Secretary of State, 1019 Brazos Street,**

**Austin, Texas 78701**, as its agent because defendant, who has engaged in business in Texas, does not maintain a regular place of business in this state or a designated agent for service and this suit arose from defendant's business in this state.

22. Preferred Equity, LP is a foreign limited partnership and may be served with citation by serving its officer David Kosoy at his principal place of business, One North Clematis Street, Suite 305, West Palm Beach, Florida 33401. **Said citation on Preferred Equity, LP will be served through the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701**, as its agent because defendant, who has engaged in business in Texas, does not maintain a regular place of business in this state or a designated agent for service and this suit arose from defendant's business in this state.

23. Samoth Equity Corporation is a foreign corporation and may be served with citation by serving its officer David Kosoy at his principal place of business, One North Clematis Street, Suite 305, West Palm Beach, Florida 33401. **Said citation on Samoth Equity Corporation will be served through the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701**, as its agent because defendant, who has engaged in business in Texas, does not maintain a regular place of business in this state or a designated agent for service and this suit arose from defendant's business in this state.

### III.

### NATURE OF THE CASE

24. This is a civil action for breach of contract under Texas Civil Practice and Remedies Code Section 38.001 et seq. and for declaratory judgment under Texas Civil Practice and Remedies Code Section 37.001 et seq. arising out of Defendants refusal to comply with and failure to

acknowledge ongoing contractual obligations under a Settlement and Release Agreement executed in settlement of a lawsuit entitled *Samoth USA, Inc., et al. v. Promus Hotel Corporation, et al.*; Cause No. 2000 CI07843; In the 408th Judicial District Court, Bexar County, Texas (the "Bexar County Litigation").

25. Plaintiffs seek among other relief: 1) monetary damages for the harm caused by Defendants breach of their contractual obligations under the Settlement and Release Agreement; and 2) a declaration of the duties and responsibilities of Defendants under the Settlement and Release Agreement to provide certain financial information to Plaintiffs regarding Master Preferred Hotels, L.P.

## IV.

## VENUE

26. Venue is proper in this Court because all or a substantial part of the events giving rise to this cause of action occurred in Bexar County and because the Agreement at issue acknowledges jurisdiction and venue is proper in Bexar County.

## V.

## FACTUAL BACKGROUND

27. In 1996, Samoth Financial Corporation Inc., owned five limited partnerships including Preferred Riverwalk, L.P., Preferred Main Gate West L.P., Preferred Resort Main Gate L.P., Preferred International Drive L.P., and Preferred Hawaiian L.P. (The "Partnerships"). Each limited partnership owned a separate hotel. Preferred Riverwalk, L.P. owned the Sheraton Four Points Hotel (the "Sheraton") located at 110 Lexington, San Antonio, Bexar County, Texas. The Sheraton was the subject of the Bexar County Litigation, the settlement

of which resulted in the Settlement and Release Agreement referenced above. In 2001, Samoth USA, Inc. merged into Sterling Centrecorp, Inc. (Which is the same entity as Sterling Financial Corp.) and became owner of all limited partnerships referenced above and therefore was the owner of Preferred Riverwalk, LP. and the Sheraton.

28. On May 26, 2000, Samoth USA, Inc., Master Preferred Hotels, L.P. and Preferred Riverwalk, L.P. (the "Settling Parties") initiated the Bexar County Litigation against Plaintiffs (Promus Hotel Corporation, RFS, Inc., DT Management, Inc.) and others for property damage to the Sheraton incurred as a result of a 1998 flood. (See *Samoth USA, Inc., et al. v. Promus Hotel Corporation, et al.*; Cause No. 2000 CI07843; In the 408th Judicial District Court, Bexar County, Texas.) On or about September 13, 2002, the parties to the Bexar County Litigation executed a Settlement and Release Agreement in full and final satisfaction of the claims asserted therein. Under the terms of the Settlement and Release Agreement, Master Preferred Hotels, L.P. ("Master Preferred") agreed to entry of a final judgment in favor of RFS, Inc. and against Master Preferred in the amount of $1,838,339.62 plus interest, such being the amount awarded in the arbitration proceeding discussed above. In addition, the terms of the Loan Default Settlement were incorporated into the Settlement and Release Agreement. An Agreed Final Judgment reflecting the terms of the Settlement and Release Agreement was entered on December 26, 2002.

29. In early 2001, RFS, Inc. initiated an arbitration action in Memphis Tennessee against Master Preferred for breach of a Settlement Agreement dated April 1, 1999 (the "Loan Default Settlement"). The Loan Default Settlement set forth terms for repayment of a Promissory Note dated June 21, 1996. The arbitration panel found that Master Preferred had breached the terms

of the Loan Default Settlement and failed to fulfill its payment obligations, and on May 14, 2002, RFS received an arbitration award in the amount of $2,029,489.62 (the "Arbitration Award"). This Arbitration Award would later be incorporated into the settlement of the Bexar County Litigation (described above).

30. Under the terms of the Settlement and Release Agreement, and in exchange for the Promus Entities' agreement not to execute on the Agreed Final Judgment until July 1, 2007. The Settling Parties agreed, among other things, to provide Plaintiffs with (1) certain financial information pertaining to Master Preferred and its hotel operations; (2) advance notice of any transfer of any hotel owned in whole or in party by Master Preferred; and (3) notice of any material change in ownership of any entity owned or controlled by Master Preferred. The Settling Parties' obligation to provide this financial information continues until the Agreed Final Judgment is paid in full.

31. On April 29, 2004, Sterling Centrecorp, Inc. conveyed the Partnerships to H.T. Manufacturing, Inc. Each limited partnership remained intact, and each owned a single asset of a hotel.

## VI.

## BREACH OF THE SETTLEMENT AGREEMENT

32. Plaintiffs have complied with and fulfilled their obligations under the Settlement and Release Agreement by not attempting to execute on the Agreed Final Judgment prior to July 1, 2007. By letter dated August 2, 2007, Plaintiff RFS, Inc. requested payment and financial information as per the Settlement and Release Agreement and Agreed Final Judgment. No payment or financial information has been forthcoming. Master Preferred has failed and/or refused to pay in accordance with the terms of the Settlement and Release Agreement. In addition, all Defendants have failed and/or refused to provide the financial information as requested. In fact,

Defendant Sterling Centrecorp. Inc. and its affiliates (as successor corporation to Samoth USA, Inc.), has denied its obligations under the Settlement and Release Agreement.

33. Further, Defendants have failed to provide advance notice of any transfer of assets and/or material change in ownership of any entity owned or controlled by Master Preferred as required by the Settlement and Release Agreement, including, but not limited to the April 29, 2004 transfer of the partnership and/or partnership assets of Preferred Riverwalk, L.P. to HT Manufacturing, Inc.

34. Defendant HT Manufacturing, as a successor to, or assign of, one of the Defendants, is bound by the terms of the Settlement Agreement as provided in paragraph 19(e) of the Settlement and Release Agreement and has failed to fulfill its obligations therein.

35. Defendants Sterling Hospitality, Inc.; Senior Preferred Hotels, L.P.; Senior Preferred Hotels, Inc.; Master Preferred Hotels, Inc.; Preferred Riverwalk, Inc.; Samoth Hotels, Inc.; SCH Corp; Preferred Equity, LP, Preferred Equities, Ltd; Preferred Equity (US) Limited Partnership; Preferred Equity (US), Inc. and Samoth Equity Corporation are all business conduits of the Settling Parties and are responsible in whole or in part for the debts and obligations of the Settling Parties described herein.

36. Plaintiffs have incurred and continue to incur damages and financial loss as a result of Defendants refusal and/or failure to provide the information requested. Plaintiffs have given notice to Defendants that they are in default of their obligations under the terms of the Settlement and Release Agreement. Plaintiffs have given Defendants sufficient time to cure their default. Defendants have refused to comply and are in breach of contract. Breach of these provisions is by definition a material breach of the Settlement and Release Agreement entered in the Bexar County Litigation.

37. Preferred Riverwalk LP had at all times owned and hotel located at 110 Lexington, San Antonio, Bexar County, Texas and was the continual actual legal owner from 1996 to September 7, 2004.

38. As a direct and proximate result of Defendants' actions and inactions, Plaintiffs have suffered damages and continue to suffer damages. Defendants are liable to Plaintiffs in an amount to be proven at trial for all losses, damages, expenses, costs, liabilities, including but not limited to reasonable attorneys' fees, and both pre-judgment and post-judgment interest.

## VII.

## DECLARATORY JUDGMENT

39. Plaintiff incorporates Paragraphs 1- 20, as if fully set forth herein.

40. An actual, present and justiciable controversy exists between the parties as to Defendants' obligations under the Settlement and Release Agreement. Defendants dispute some or all, of the obligation outlined in the preceding paragraphs. A declaratory judgment will resolve some or all, of the disputed issues and controversies.

41. Pursuant to the Texas Uniform Declaratory Judgment Act, Texas Civil Practice & Remedies Code, Section 37.001 et seq., Plaintiffs seek a judicial determination that Defendants are obliged to provide the information as set forth in the Settlement and Release and are in material breach of the Settlement and Release.

42. Plaintiffs also seek recovery of their reasonable attorneys' fees pursuant to Texas Civil Practice & Remedies Code, Sections 37.009 and/or 38.001.

## VIII.

## CONDITIONS PRECEDENT

43. All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.

## IX.

## JURY DEMAND

44. Plaintiffs demand a trial by jury.

## X.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs requests Defendants be cited to appear and answer, and that on final trial, Plaintiffs have:

(i) Judgment against Defendants for Plaintiffs' damages set forth above, in an amount within the jurisdictional limits of this Court;

(ii) Declaratory Judgment determining the obligations of Defendants under the Settlement and Release Agreement;

(iii) Pre-judgment and post-judgment interest on Plaintiffs' damages as allowed by law;

(iv) Costs of court;

(v) Attorneys' fees, and

(vi) Such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

**GERMER GERTZ BEAMAN & BROWN, L.L.P.**
301 Congress Avenue, Suite 1700
Austin, Texas 78701
512/472-0288
512/72-0721 (Facsimile)

By: /s/ Mark T. Beaman
Mark T. Beaman
State Bar No. 01955700
Lori Pate Daves
State Bar No. 00795099

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5, I hereby certify by my signature below that a true and correct copy of the foregoing has been forwarded to all counsel by the means indicated below on this 11th day of August 2008.

/s/ Mark T. Beaman

| | |
|---|---|
| Barry Snell<br>Bayne, Snell & Krause<br>8626 Tesoro Drive, Suite 500<br>San Antonio, Texas 78217<br>210-824-3937   Fax<br>and | Sent Via Efiling |
| Glen Hallman<br>Kevin O'Malley<br>Gallagher & Kennedy, P.A.<br>2575 East Camelback Road<br>Phoenix, AZ 85016-9225<br>(602-530-8000<br>Fax: (602)530-8500 | Sent Via Efiling |

**Counsel for Defendants Sterling USA, Inc.,
Samoth USA, Inc., Sterling Centrecorp, Inc.
and Sterling Centrecorp (Florida), Inc.**